**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2980
_____

RICHARD STEWART,
                              Appellant

v.

WARDEN CAANAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00803)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2022
Before:  RESTREPO, PHIPPS, and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Richard Stewart, a federal prisoner incarcerated in Pennsylvania, appeals pro se

from the order of the United States District Court for the Middle District of Pennsylvania

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will affirm the District Court's judgment.

In 2002, Richard Stewart was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). At the time he was arrested, he had an extensive criminal history that included six felony convictions. During his trial in the United States District Court for the Northern District of New York ("N.D.N.Y. District Court"), Stewart stipulated that he was a convicted felon at the time he possessed the weapon in question. The jury returned a guilty verdict, and Stewart was sentenced to a 293-month term of imprisonment. The United States Court of Appeals for the Second Circuit affirmed the judgment on direct appeal.

In 2005, Stewart filed his first motion pursuant to 28 U.S.C. § 2255, which the N.D.N.Y. District Court denied. The Second Circuit declined to issue a certificate of appealability. In 2016, the Second Circuit granted Stewart leave to file a second or successive § 2255 motion to raise a claim under Johnson v. United States, 576 U.S. 591 (2015), but the N.D.N.Y. District Court denied the § 2255 motion and declined his request to amend his motion to include a claim under Rehaif v. United States, 139 S. Ct. 2191 (2019).

Stewart then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, asserting that, in light of Rehaif, he was actually innocent of violating 18 U.S.C. § 922(g). The

2

District Court concluded that Stewart was not entitled to relief under Rehaif and denied his petition. Stewart timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which federal prisoners such as Stewart can challenge their convictions and sentences. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may instead proceed under § 2241 only if he demonstrates that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Assuming, without deciding, that Stewart's claim invoking Rehaif could fall within that narrow exception, we conclude that he was not entitled to relief because his Rehaif claim lacks merit.

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Prior to Rehaif, courts considered the statute's mens rea element satisfied if the Government proved only that the defendant knowingly possessed the weapon. See United States v. Boyd, 999 F.3d 171, 178 (3d Cir. 2021).

3

Accordingly, when Stewart was tried, the jury was not instructed that Stewart must have known that he was a felon at the time he possessed the weapon in question.

Stewart's position is not that he was unaware of his felon status at the time he possessed the weapon. Rather, he contends that he is entitled to relief because the jury was not properly instructed on the mens rea element and was not presented with evidence showing that he was aware that he was a felon at the relevant time. To demonstrate actual innocence, however, Stewart must show that he is factually innocent, not simply that the evidence was legally insufficient. See Bousley v. United States, 523 U.S. 614, 623-24 (1998). That is, he must show that "in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019); see Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (setting forth the standard to show actual innocence and further explaining that all evidence, not just what was admitted at trial, is considered). And, contrary to Stewart's contentions, we may consider the entire record, including the pre-sentence report, in determining whether he has made such a showing. See Greer v. United States, 141 S. Ct. 2090, 2098 (2021).

The record here contains strong circumstantial evidence that Stewart was aware that he was a convicted felon at the relevant time. See Rehaif, 128 S. Ct. at 2198 (noting that circumstantial evidence is sufficient to establish knowledge of status). His pre-sentence report indicates that he had been convicted of at least six felonies when he was arrested on the relevant felon-in-possession charge. Pursuant to those convictions, he

4

served over eight years in state prison, not including the time he spent incarcerated after his parole was revoked.  See United States v. Pollard, 20 F.4th 1252, 1256-57 (9th Cir. 2021).  Further, at trial, he stipulated that he was a felon at the time he possessed a weapon, which does not amount to a stipulation that he knew of his felon status at the relevant time but is nevertheless circumstantial evidence of such.  See Greer, 141 S. Ct. at 2098; see also United States v. Door, 996 F.3d 606, 619-20 (9th Cir. 2021).  The evidence accordingly suggests that Stewart knew that he was a felon when he possessed the subject weapon, and he has presented no argument to the contrary.  See Greer, 141 S. Ct. at 2097.  Thus, in light of all the evidence, Stewart has not shown that it is more likely than not that any reasonable juror properly instructed on the mens rea element would have acquitted him.